# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA AHMADI, | 1:14-CV-00264-LJO-JLT |
| Plaintiff, | **ORDER ON MOTION TO DISMISS**<br>(Doc. 5) |
| v. | |
| UNITED CONTINENTAL HOLDINGS, INC., d/b/a UNITED AIRLINE, and DOES 1-50, | |
| Defendants. | |

**PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider consent to a Magistrate Judge to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases.

## INTRODUCTION

Plaintiff Sara Ahmadi ("Ahmadi") brings this personal injury action against Defendant United Continental Holdings, Inc., doing business as United Airline ("United"). Before the Court is United's motion to dismiss Ahmadi's fourth cause of action for breach of contract and fifth cause of action for

breach of implied covenant of good faith and fair dealing for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the Court GRANTS with leave to amend United's motion to dismiss Ahmadi's fourth and fifth causes of action.

## BACKGROUND

### A. Facts[1]

On or around December 15, 2011, Ahmadi purchased airline tickets to travel with United. On December 25, 2011, Ahmadi and her family traveled on United flight 6284 from Bakersfield, California to Denver, Colorado, and United flight 861 from Denver to Boston, Massachusetts. At the time of travel, Ahmadi was pregnant.

At Denver, while Ahmadi was seated aboard United flight 861, another passenger attempted to place a piece of luggage into an overhead bin above Ahmadi's head. The luggage fell on Ahmadi's head. As a result, Ahmadi suffered injuries including a miscarriage that terminated her pregnancy.

### B. Procedural History

On December 12, 2013, Ahmadi filed a complaint against United in Kern County Superior Court alleging five causes of action: 1) negligence; 2) res ipsa loquitur negligence; 3) violation of Cal. Civ. Code § 2100, *et seq.*/negligence per se; 4) breach of contract; and 5) breach of implied covenant of good faith and fair dealing. On February 26, 2014, United removed the action to this Court on the basis of diversity jurisdiction. On March 5, 2014, United filed the instant motion to dismiss Ahmadi's fourth and fifth cause of action for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). On March 25, 2014, Ahmadi filed an opposition and United filed a reply.

## DISCUSSION

### Motion to Dismiss

### C. 12(b)(6) Failure to State a Claim

#### 1. Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A dismissal under Rule 12(b)(6) is proper where there is

---

[1] The background facts are derived from the complaint. The Court accepts the factual allegations as true for purposes of this motion. *Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD.,* 546 F.3d at 588.

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility for entitlement to relief" *Id*. (citing *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions ... amount[ing] to nothing more than a formulaic recitation of the elements ... are not entitled to be assumed true." *Iqbal*, 129 S.Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).

Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal. 1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**2.     Analysis**

**i.     Breach of Contract**

Ahmadi alleges that she entered into a contract with United for transportation services when she purchased airline tickets and that United breached the contract by failing to provide safe transportation for Ahmadi. United argues that Ahmadi fails to state a claim for breach of contract because the complaint merely alleges the possibility of misconduct by United and because United did not contract with Ahmadi to ensure her safety in all circumstances that may arise.

In California, the elements of a breach of contract claim are: 1) existence of a valid contract; 2) performance by the plaintiff or excuse for nonperformance; 3) breach by the defendant; and 4) damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

Ahmadi alleges that she entered into a contract with United by "purchas[ing] a roundtrip airplane ticket." (Doc. 1, p. 14). Ahmadi further alleges that "[t]he agreement stated that her trip would begin on December 25, 2011, from Bakersfield, CA on United Airline flight number 6284, with a stopover in Denver, Colorado" and that "[f]rom Denver, plaintiff would board United Airline flight number 861 and arrive in Boston, Massachusetts, at 4:12pm, ET." *Id*.

Ahmadi does not allege that United failed to perform the transportation service stated in the terms of the agreement. Rather, Ahmadi argues that United, as a common carrier, owed her, as its passenger, a duty to provide safe transport, and that such duty includes implicit promises by United

> that their employees are trained, that defendants' employees would assist passengers in boarding or deplaning of the airplane, that defendants assured the passengers' comfort, that the defendants insured or assured the passengers' safety, that the defendants would prevent harm to the passengers, that the defendants' employees would assist with the seating of passengers, that the defendants' employees would assist with the placement of bags in the overhead bins, that the defendants would follow the industry standards, and that the defendants would follow the state or federal statutes.

*Id*. at p. 14-15.

Ahmadi seeks to rely on a breach of contract theory of liability that California courts have

4

long discredited. "Under varying circumstances, it has been repeatedly affirmed that if the complaint states a cause of action for breach of a promise set forth in the contract the action is to be regarded as ex contractu, but if it seeks damages arising out of the breach of a duty growing out of the contract, the action will be regarded as ex delicto." *De Mirjian v. Ideal Heating Corp.*, 91 Cal. App. 2d 905, 909 (Cal. Ct. App. 1949) (citing *Jones v. Kelly*, 208 Cal. 251, 254 (1929), *Peterson v. Sherman*, 68 Cal. App. 2d 706, 711 (Cal. Ct. App. 1945)). *See also*, *Peterson*, 68 Cal. App. at 711 ("In seeking a determination whether an action is one in contract or in tort, the general rule is that the character of the action is to be determined by the nature of the grievance rather than by the form of pleading[.]"). "Accordingly, it has been held that a cause of action against a carrier for personal injuries, although pleaded as a breach of contract for safe conveyance, sounds in tort." *De Mirjian*, 91 Cal. App. 2d at 909 (citing *Williamson v. Pac. Greyhound Lines*, 67 Cal. App. 2d 250 (1944), *Basler v. Sacramento Elec. Gas & Ry. Co.*, 166 Cal. 33 (1913), *Rushing v. Pickwick Stages Sys.*, 113 Cal. App. 240 (1931)). *See also*, *Williamson*, 67 Cal. App. 2d at 253-54 ("Actions based on negligence through failure to perform duties created by a contractual relation, such as the relation between . . . *a common carrier and a passenger*, although containing elements of both contract and tort, *are regarded as actions ex delicto, since negligence is considered the gravamen of the action*.") (emphasis in the original) (internal quotation and citation omitted).

Because Ahmadi fails to allege the necessary elements of a breach of contract claim, and because Ahmadi cannot transform a tort claim into one for breach of contract simply by labeling it as such, United's motion to dismiss Ahmadi's fourth cause of action for breach of contract is GRANTED with leave to amend.

### ii.   Breach of Implied Covenant of Good Faith and Fair Dealing

In her fifth cause of action, Ahmadi alleges that the agreement between United and Ahmadi includes an implied covenant of good faith and fair dealing under which United implicitly promised to provide the level of care and specific services quoted above. (Doc. 1, p. 15). Ahmadi claims that

> Defendants breached the implied covenant of good faith and fair dealing by failing to train their employees, by failing to assist passengers in the boarding or deplaning of the airplane, by failing to assure the passengers' comfort, by failing to insure or assure the passengers' safety, by failing to prevent harm to the passengers, by failing to assist

>   the passengers with their seating, by failing to assist with the placement of the luggage in overhead bins, by not following industry standards regarding passenger safety, and by not following the state or federal statutes.

(Doc 1, pp. 15-16).

"Under California law, every contract 'imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.'" *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (quoting *McClain v. Octagon Plaza*, LLC, 159 Cal.App.4th 784, 796 (2008)). "In California, the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Id*. (citing Judicial Council of California Civil Jury Instruction 325). "Importantly, to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179, 1191 (N.D. Cal. 2012) (internal quotation and citation omitted). "The implied covenant operates to protect the express covenants or promises of a contract [and] cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of the parties' agreement." *Id*. (internal quotation and citation omitted). *See also*, *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004) ("The implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract.") (emphasis in the original) (internal quotation and citation omitted).

Ahmadi does not allege that United breached an express term of their agreement. *Plastino*, 873 F. Supp. 2d at 1191. Ahmadi also fails to identify the specific contractual provision that was frustrated. *Id*.; *Pasadena Live, LLC*, 114 Cal. App. 4th at 1094. Further, Ahmadi does not allege that United unfairly interfered with Ahmadi's right to receive the benefits of the contract – transportation from Bakersfield, California to Boston, Massachusetts. *Rosenfeld*, 732 F. Supp. 2d at 968. Instead, Ahmadi again attempts to base a contract claim on United's alleged negligence. Such an approach is

...

unsupported.

Because Ahmadi fails to allege the elements of a breach of implied covenant cause of action, and because Ahmadi does not base the breach of implied covenant cause of action on the express terms of the agreement, United's motion to dismiss Ahmadi's fifth cause of action for breach of implied covenant of good faith and fair dealing is GRANTED with leave to amend.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court DISMISSES with leave to amend Plaintiff Sara Ahmadi's fourth cause of action for breach of contract and fifth cause of action for breach of implied covenant of good faith and fair dealing against Defendant United Continental Holdings, Inc., doing business as United Airline.

Plaintiff shall have ***one opportunity*** to file and serve an amended complaint in an attempt to cure the deficiencies described herein.  Any such further amended complaint shall be filed and served within 20 days of electronic service of this order.  Defendant no later than 20 days after service of the second amended complaint shall file a response thereto.

IT IS SO ORDERED.

Dated:   **March 31, 2014**             **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE