UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA AHMADI,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED CONTINENTAL HOLDINGS, INC., d/b/a UNITED AIRLINE, and DOES 1-50,<br><br>  Defendants. | 1:14-CV-00264-LJO-JLT<br><br>**ORDER ON MOTION TO DISMISS**<br>(Doc. 10) |

## I. INTRODUCTION

Plaintiff Sara Ahmadi ("Ahmadi") brings this personal injury action against Defendant United Continental Holdings, Inc., doing business as United Airline ("United"). Before the Court is United's motion to dismiss Ahmadi's fourth cause of action for breach of contract and fifth cause of action for breach of implied covenant of good faith and fair dealing for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the Court GRANTS WITHOUT LEAVE TO AMEND United's motion to dismiss Ahmadi's fourth and fifth causes of action.

## II. BACKGROUND

### A. Facts[1]

On or around December 15, 2011, Ahmadi purchased airline tickets to travel with United. On December 25, 2011, Ahmadi and her family traveled on United flight 6284 from Bakersfield, California to Denver, Colorado, and United flight 861 from Denver to Boston, Massachusetts. At the

---

[1] The background facts are derived from the complaint. The Court accepts the factual allegations as true for purposes of this motion. *Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

time of travel, Ahmadi was pregnant.

At Denver, while Ahmadi was seated aboard United flight 861, another passenger attempted to place a piece of luggage into an overhead bin above Ahmadi's head. The luggage fell on Ahmadi's head. As a result, Ahmadi suffered injuries including a miscarriage that terminated her pregnancy.

**B.  Procedural History**

On December 12, 2013, Ahmadi filed a complaint against United in Kern County Superior Court alleging five causes of action: 1) negligence; 2) res ipsa loquitur negligence; 3) violation of Cal. Civ. Code § 2100, *et seq.*/negligence per se; 4) breach of contract; and 5) breach of implied covenant of good faith and fair dealing. On February 26, 2014, United removed the action to this Court on the basis of diversity jurisdiction. On March 5, 2014, United filed a motion to dismiss Ahmadi's fourth and fifth cause of action for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Court granted the motion with leave to amend.

On April 18, 2014, Plaintiff filed a first amended complaint ("FAC"). On May 12, 2014, United filed another motion to dismiss Plaintiff's fourth and fifth causes of action under Fed. R. Civ. P. 12(b)(6) on the ground they fail to state a claim. Doc. 10. United asserts the claims should be dismissed "[f]or essentially the same reasons the Court granted United's [previous] motion to dismiss." Doc. 10 at 4.

### III.  DISCUSSION

**A.  Legal Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD.,* 546 F.3d at 588.

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility for entitlement to relief" *Id*. (citing *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions ... amount[ing] to nothing more than a formulaic recitation of the elements ... are not entitled to be assumed true." *Iqbal*, 129 S.Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).

Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal. 1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir. 1984)).

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc*., 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### B.     Analysis

#### i.   Breach of Contract

Ahmadi alleges that she entered into a contract with United for transportation services when she purchased airline tickets, and that United breached the contract by failing to provide safe

transportation for Ahmadi. United argues that Ahmadi fails to state a claim for breach of contract because the complaint merely alleges the possibility of misconduct by United and because United did not contract with Ahmadi to ensure her safety in all circumstances that may arise.

In California, the elements of a breach of contract claim are: 1) existence of a valid contract; 2) performance by the plaintiff or excuse for nonperformance; 3) breach by the defendant; and 4) damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

Ahmadi alleges that she entered into a contract with United by "purchas[ing] a roundtrip airplane ticket." Doc. 9 at 7. Ahmadi does not allege that United failed to perform the transportation service stated in the terms of the agreement. Rather, Ahmadi argues that United, as a common carrier, owed her, as its passenger, a duty to provide safe transport, and that such duty includes implicit promises by United

> that their employees are trained, that defendants' employees would assist passengers in boarding or deplaning of the airplane, that defendants assured the passengers' comfort, that the defendants insured or assured the passengers' safety, that the defendants would prevent harm to the passengers, that the defendants' employees would assist with the seating of passengers, that the defendants' employees would assist with the placement of bags in the overhead bins, that the defendants would follow the industry standards, and that the defendants would follow the state or federal statutes.

*Id*. at 8.

The thrust of Ahmadi's fourth cause of action in the FAC is the same as in the complaint. As the Court noted in its March 31, 2014 order, "Ahmadi seeks to rely on a breach of contract theory of liability that California courts have long discredited." Doc. 8 at 4-5. "[I]t has been held that a cause of action against a carrier for personal injuries, although pleaded as a breach of contract for safe conveyance, sounds in tort." *De Mirjian v. Ideal Heating Corp.*, 91 Cal. App. 2d 905, 909 (1949) (citations omitted).

Ahmadi argues that "the traditional rule" that governs here does "not allow the recovery of emotional and mental distress for a breach of contract," but that "the modern rules" do so allow. Doc. 13 at 3-4 (citations omitted). According to Ahmadi, "[d]amages for emotional and mental distress may be recovered in an action for breach of contract if, given the nature of the particular contract, mental suffering or emotional distress were a foreseeable and contemplated result of its breach." Doc. 13 at 4.

Ahmadi argues that contracts to which this principle applies are those that "relate to matters directly concerning the comfort, happiness, or personal welfare of one of the parties or the subject matter of which is such as directly affects or moves the affection, self-esteem, or tender feelings of that party." *Id.* at 6. Ahmadi claims that, because of United's breach of their contract, she "suffered harm, damages, and her vacation was ruined." FAC at 8. In her opposition to United's motion to dismiss, Ahmadi clarifies that the harm and damages she allegedly suffered due to United's breach of contract are emotional and mental distress. *See* Doc. 13 at 3.

The cases Ahmadi cites in support of the principle that she may recover damages for emotional and mental injuries allegedly caused by United's breach of the parties' contract establish that it is the exception to "[t]he traditional rule . . . that damages are not recoverable for mental suffering resulting from a breach of contract." *Wynn v. Monterey Club*, 111 Cal. App. 3d 789, 799 (1980) (citations omitted). "[C]ourts have allowed the recovery of emotional distress damages under a contract theory where emotional distress is a foreseeable and contemplated result of the breach." *Rogoff v. Grabowski*, 200 Cal. App. 3d 624, 633 (1988). The cases Ahmadi cites that illustrate this principle make clear that it does not apply here.

For instance, in *Rogoff*, the plaintiff contracted with the defendant to provide him with a driving service to and from a swimming party where the plaintiff and his wife would be drinking alcoholic beverages. *Id.* at 627. The defendant was aware that the plaintiff hired the car so that he and his wife would be able to drink and get home safely. *Id.* The plaintiff gave the defendant a bag with his wallet, credit cards, money, keys, medication for his wife, and a change of clothing for him and his wife. *Id.* The defendant "left the party with the limousine and plaintiff's personal effects, but without plaintiff or his wife, who were left at the party inebriated, clad only in bathing clothes, and with no means to get home." *Id.* And "[f]or five or six hours, plaintiff attempted to have defendant return his personal effects, but defendant refused to do so." *Id.* The California Court of Appeal held that because the defendant knew that the plaintiff "would be inebriated and unable to drive himself home, it is at least a triable issue whether the parties contemplated that emotional distress would be a foreseeable result of a breach of the contract." *Id.* at 633.

Likewise, in *Wynn*, the plaintiff contracted with the defendant, a card club, to deny the

plaintiff's wife, "a compulsive gambler," access to the club and to deny her cash checking privileges there. 111 Cal. App. 3d 789, 794 (1980). In exchange, the plaintiff agreed to pay the defendant the debts his wife's debts to the club. *Id.* The plaintiff fulfilled his promises; however, the defendant had gambled at the club, amassed approximately $30,000 in losses, and continued to cash checks at the club. *Id.* The California Court of Appeal held that the parties' contract "put the defendants on notice that a breach thereof would result in emotional and mental suffering by the plaintiff as well as other forms of compensable damage." *Id.* at 801.

Similarly, in *Leavy v. Cooney,* "pure mental and emotional suffering was held to be compensable in a breach of contract case." *Id.* (citing *Leavy v. Cooney*, 214 Cal. App. 2d 496 (19630)). In that case, the plaintiff, a former prosecutor, agreed to be photographed and narrate parts of the defendant's film about the plaintiff's prosecution of a controversial case. *Cooney*, 214 Cal. App. 2d at 499. The parties agreed that the film would only be shown on television, and would not be shown in theaters without the plaintiff's express consent. *Id.* Nonetheless, the defendant showed the film in hundreds of theaters over the plaintiff's protest, which caused the plaintiff to suffer "humiliation and embarrassment because of his fear and apprehension that if the picture should be shown in theaters the public would think he was being compensated for his participation in the project, and he would be subjected to severe criticism." *Id.* The California Court of Appeal held that the defendant's "wrong consisted of breach of contract and also of a tortious invasion of [the plaintiff's] right to privacy." *Id.* at 501.

Ahmadi also relies on *Christensen v. Superior Court*, 54 Cal.3d 868 (1991) to support her claim. That case involved a tort action concerning the handling of a decedent's remains. *Id.* at 894. Further, the California Supreme Court noted that "[e]ven in the context of an action for breach of contract, where recovery of damages solely for emotional distress resulting from a breach is not normally allowed, the provision of services related to the disposition of human remains has been distinguished because of the unique nature of the services." *Id.* at 894-95.

*Windeler v. Scheers Jewelers*, 8 Cal. App. 3d 844 (1970) illustrates the principle that emotional and physical damages may be recoverable in a breach of contract case where the subject matter of the contract pertains to the comfort, happiness, or personal welfare of a party to the contract.

6

In that case, the plaintiff contracted with the defendant, a jeweler, to create an heirloom for the plaintiff's daughter out of six old family rings. *Id.* at 848. The plaintiff "emphasized the sentimental value of the rings and explained [to the defendant] . . . that the rings were cherished mementos." *Id.* The defendant mailed the rings to another jeweler by insured mail, but the rings were lost in transit. *Id.* at 849. The plaintiff suffered headaches, loss of sleep, and general nervousness, as well as body aches, all of which required her to miss work for three days. *Id.* The court found that the sentimental nature of the rings "was a special circumstance known to both of the parties at the time the contract was entered into" and thus the contract's terms "related to matters directly concerning the happiness and comfort of plaintiff, and were such as to move her affection and tender feelings." *Id.* at 852.

Finally, Ahmadi cites *Ross v. Forest Lawn Memorial Park*, 153 Cal. App. 3d (1984). In that case, the plaintiff contracted with the defendant, a cemetery, for the funeral and burial of her teenage daughter. *Id.* at 991. The plaintiff requested that the defendant keep the services private and specifically required that no "punk rockers" would be allowed at any of the services. *Id.* Because the plaintiff's daughter was a punk rocker, the plaintiff "was fearful that her daughter's former associates would disrupt the private services, and so advised [the defendant]." *Id.* In spite of the plaintiff's specific request that no punk rockers were to be allowed at the services, the defendant failed to bar the entry of uninvited punk rockers. *Id.* at 992. "The uninvited guests were drinking and using cocaine, and were physically and verbally abusive to family members and their guests. A disturbance ensued and grew to the point that police had to be called to restore order." *Id.*

None of the cases Ahmadi cites supports her argument that her damages for emotional and physical harm are recoverable on a breach of contract theory. Simply stated, those cases are factually specific and unique, as opposed to the allegedly commonplace, unintentional tortious conduct at issue here. Those (and other) cases stand for the proposition that where "the express object of the contract is the mental and emotional well-being of one of the contracting parties, the breach of the contract may give rise to damages for mental suffering or emotional distress." *Erlich v. Menezes*, 21 Cal.4th 543, 559 (1999) (discussing *Wynn*, 111 Cal. App. 3d 789, *Ross*, 153 Cal. App. 3d 988, and *Windeler*, 8 Cal. App. 3d 884). Here, however, the express object of the parties' contract was for United to transport Ahmadi from Bakersfield to Boston. Accordingly, the Court finds that has not (and cannot) stated a

claim for breach of contract on the theory that United's alleged breach of the contract caused her emotional and mental damages. Those damages are not recoverable here.

Because Ahmadi fails to allege the necessary elements of a breach of contract claim and because Ahmadi cannot transform a routine tort claim into one for breach of contract simply by labeling it as such, United's motion to dismiss Ahmadi's fourth cause of action for breach of contract is GRANTED WITHOUT LEAVE TO AMEND.

### ii. Breach of Implied Covenant of Good Faith and Fair Dealing

In her fifth cause of action, Ahmadi alleges that the agreement between United and Ahmadi includes an implied covenant of good faith and fair dealing under which United implicitly promised to provide the level of care and specific services quoted above. Doc. 9 at 9. Ahmadi claims that

> Defendants breached the implied covenant of good faith and fair dealing by failing to train their employees, by failing to assist passengers in the boarding or deplaning of the airplane, by failing to assure the passengers' comfort, by failing to insure or assure the passengers' safety, by failing to prevent harm to the passengers, by failing to assist the passengers with their seating, by failing to assist with the placement of the luggage in overhead bins, by not following industry standards regarding passenger safety, and by not following the state or federal statutes.

*Id.*

"Under California law, every contract 'imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.'" *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (quoting *McClain v. Octagon Plaza*, LLC, 159 Cal.App.4th 784, 796 (2008)). "In California, the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Id*. (citing Judicial Council of California Civil Jury Instruction 325). "Importantly, to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179, 1191 (N.D. Cal. 2012) (internal quotation and citation omitted). "The implied covenant operates to protect the express covenants or promises of a

8

contract [and] cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of the parties' agreement." *Id*. (internal quotation and citation omitted). *See also*, *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004) ("The implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract.") (emphasis in the original) (internal quotation and citation omitted).

Ahmadi does not allege that United breached an express term of their agreement. *Plastino*, 873 F. Supp. 2d at 1191. Ahmadi also fails to identify the specific contractual provision that was frustrated. *Id*.; *Pasadena Live, LLC*, 114 Cal. App. 4th at 1094. Further, Ahmadi does not allege that United unfairly interfered with Ahmadi's right to receive the benefits of the contract – transportation from Bakersfield, California to Boston, Massachusetts. *Rosenfeld*, 732 F. Supp. 2d at 968. Instead, Ahmadi again attempts to base a contract claim on United's alleged negligence. Such an approach is unsupported.

Because Ahmadi fails—again—to allege the elements of a breach of implied covenant cause of action, and because Ahmadi does not base the breach of implied covenant cause of action on the express terms of the agreement, United's motion to dismiss Ahmadi's fifth cause of action for breach of implied covenant of good faith and fair dealing is GRANTED WITHOUT LEAVE TO AMEND.

### IV.   CONCLUSION AND ORDER

For the reasons discussed above, the Court DISMISSES WITHOUT LEAVE TO AMEND Plaintiff Sara Ahmadi's fourth cause of action for breach of contract and fifth cause of action for breach of implied covenant of good faith and fair dealing against United.

IT IS SO ORDERED.

Dated:   **June 5, 2014**            /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE