# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA AHMADI,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED CONTINENTAL HOLDINGS, INC., doing business as UNITED AIRLINE,<br><br>　　　　　　Defendant. | 1: 14-CV-00264 - LJO - JLT<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline:  12/15/2014<br><br>Discovery Deadlines:<br>　Initial Disclosures:  9/29/2014<br>　Non-Expert: 2/10/2015<br>　Expert: 4/28/2015<br>　Mid-Discovery Status Conference:<br>　12/15/2014 at 9:30 a.m.<br><br>Non-Dispositive Motion Deadlines:<br>　Filing: 5/11/2015<br>　Hearing:  6/8/2015<br><br>Dispositive Motion Deadlines:<br>　Filing: 6/23/2015<br>　Hearing:  8/4/2015<br><br>Pre-Trial Conference:<br>　9/29/2015 at 8:30 a.m.<br>　Courtroom 4<br><br>Trial:　12/1/2015 at 8:30 a.m.<br>　　　　Courtroom 4<br>　　　　Jury trial: 3-5 days |

**I.　Date of Scheduling Conference**

　　September 15, 2014.

1

## II. Appearances of Counsel

Salim Khawaja appeared on behalf of Plaintiff.

Jacqueline DeWarr appeared on behalf of Defendant.

## III. Magistrate Judge Consent:

### Notice of Congested Docket and Court Policy of Trailing

Due to the District Judges' heavy caseload, the newly adopted policy of the Fresno Division of the Eastern District is to trail all civil cases. The parties are hereby notified that for a trial date set before a District Judge, the parties will trail indefinitely behind any higher priority criminal or older civil case set on the same date until a courtroom becomes available. The trial date will not be reset to a continued date.

The Magistrate Judges' availability is far more realistic and accommodating to parties than that of the U.S. District Judges who carry the heaviest caseloads in the nation and who must prioritize criminal and older civil cases over more recently filed civil cases. A United States Magistrate Judge may conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

The Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges. Pursuant to the Local Rules, Appendix A, such reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial. **Within 10 days** of the date of this order, counsel **SHALL** file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

## IV. Pleading Amendment Deadline

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **December 15, 2014**.

2

**V.     Discovery Plan and Cut-Off Date**

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **September 29, 2014**.

The parties are ordered to complete all discovery pertaining to non-experts on or before **February 10, 2015**, and all discovery pertaining to experts on or before **April 28, 2015**.

The parties are directed to disclose all expert witnesses, in writing, on or before **February 24, 2015**, and to disclose all rebuttal experts on or before **March 24, 2015**.  The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**.[1]  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **December 15, 2014** at 9:30 a.m. before the Honorable Jennifer L. Thurston, U.S. Magistrate Judge, located at 510 19th Street, Bakersfield, California, 93301.  A Joint Mid-Discovery Status Conference Report, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, one full week prior to the Conference, and shall be e-mailed, in Word format, to JLTorders@caed.uscourts.gov.  The joint statement SHALL outline the discovery that has been completed and that which needs to be completed as well as any impediments to completing the discovery within the deadlines set forth in this order.  Counsel may appear via CourtCall, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

---

[1] In the event an expert will offer opinions related to an independent medical or mental health evaluation, this examination SHALL occur sufficiently in advance of the disclosure deadline so the expert's report fully details the expert's opinions in this regard.

3


**VI.     Pre-Trial Motion Schedule**

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **May 11, 2015**, and heard on or before **June 8, 2015**. Non-dispositive motions are heard before the Honorable Jennifer L. Thurston, United States Magistrate Judge at the United States Courthouse in Bakersfield, California.

No written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions via CourtCall, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

All dispositive pre-trial motions shall be filed no later than **June 23, 2015**, and heard no later than **August 4, 2015**, in Courtroom 4 at 8:30 a.m. before the Honorable Lawrence J. O'Neill, United States District Court Judge. In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

**VII.    Motions for Summary Judgment or Summary Adjudication**

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least five days before** the conference. The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true. **In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.**

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

## VIII. Pre-Trial Conference Date

**September 29, 2015**, at 8:30 a.m. in Courtroom 4 before Judge O'Neill.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further directed to submit a digital copy of their pretrial statement in Word format, directly to Judge O'Neill's chambers, by email at LJOorders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

## IX. Trial Date

**December 1, 2015**, at 8:30 a.m. in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge.

A. This is a jury trial.

B. Counsels' Estimate of Trial Time: 3-5 days.

C.     Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**X.     Settlement Conference**

The parties have agreed to engage in private mediation. If the parties desire a conference with the Court, they may file a joint written request for a settlement conference.

**XI.    Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**XII.   Related Matters Pending**

There are no pending related matters.

**XIII.  Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIV.   Other issues**

At the scheduling conference, counsel alerted the Court that there was a discovery dispute brewing related to requests propounded on Defendant. In particular, Plaintiff seeks the name of the passenger who dropped the bag on Plaintiff, the name of all flight attendants and evidence of other incidents. At this time, the Court **does not** authorize the filing of a motion to compel. The Court finds that the matter is not yet ripe.

As to the name of the passenger and any passenger witnesses, Plaintiffs must narrow their request as best as possible to provide information as to approximately where these people were sitting. Given the size of the airplane at issue, disclosing all passenger names at this time would not be warranted. Once Plaintiff narrows the request, if the request is still objectionable to Defendant counsel SHALL meet and confer about this narrowed request.

As to the witness-flight attendant, Defendant reports that the flight attendant who assisted Plaintiff and, apparently, who witnessed the incident has been identified to Plaintiff.  Defendant **SHALL** make certain that no other staff member on the plane witnessed the incident and, if others are discovered, to produce their names expeditiously.

As to the identification of "other incidents," Plaintiff must narrow the request in terms of time and circumstance and, if the request is still objectionable to Defendant, counsel **SHALL** meet and confer related to this narrowed request.

In the event that these discovery disputes are not resolved after the requests are further refined and further meet and confer efforts are unsatisfactory, counsel **SHALL** comply with section VI of this order.

## XV. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

   Dated:   **September 15, 2014**                          **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE

7