# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA AHMADI, | )    1: 14-CV-00264 - LJO - JLT |
|     Plaintiff, | ) |
| | )    ORDER GRANTING PROTECTIVE ORDER AS |
|     v. | )    MODIFIED BY THE COURT |
| | ) |
| UNITED CONTINENTAL HOLDINGS, | )    (Doc. 28) |
| INC., doing business as UNITED AIRLINE, | ) |
| | ) |
|     Defendant. | ) |

Before the Court is the stipulation of counsel related to confidential documents. (Doc. 28) The Court will modify the stipulated protective order to comply with its Local Rules and procedures as follows:

Paragraph 6.3 is modified as follows:

<u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall ~~file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier~~ <u>comply with the scheduling order (Doc. 22 at 4) regarding discovery motions. If this fails to resolve the dispute, within 21 days or as otherwise ordered by the Court, the Designating Party SHALL file a motion which complies with Local Rule 251 and, in particular, subsection (c)</u>. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days ~~(or 14 days, if applicable)~~ <u>or as otherwise ordered by the Court,</u> shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to

1

the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

Paragraph 12.3 is modified as follows:

Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with ~~Civil Local Rule 79-5~~ Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to ~~Civil Local Rule 79-5~~ Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to ~~Civil Local Rule 79-5( d)~~ is denied by the court, then the Receiving Party may file the information in the public record ~~pursuant to Civil Local Rule 79-5( e)~~ unless otherwise instructed by the court.

**ORDER**

The Court **GRANTS** the stipulated protective order **AS MODIFIED** (Doc. 28).

IT IS SO ORDERED.

Dated:   **November 14, 2014**          **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE

2